UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| EDWARD WHEATON<br>PLAINTIFF<br><br>v.<br><br>ROBERT H. IRWIN MOTORS, INC. D/B/A/ IRWIN TOYOTA, RICK GLIDDEN, CHRIS IRWIN, EDWARD KELLY, RONALD O'CONNOR JR., AND WAYNE THAYER<br>DEFENDANTS | CASE NO: 1:20-cv-00925<br><br>COMPLAINT &<br>DEMAND FOR JURY TRIAL |

### PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Edward Wheaton ("Plaintiff or "Mr. Wheaton"), by and through his undersigned counsel, for his Complaint and Jury Trial Demand against Robert H. Irwin Motors, Inc., D/B/A/ Irwin Toyota, Rick Glidden, Edward Kelly, Chris Irwin, Ronald O'Connor Jr., and Wayne Thayer (collectively, "Defendants), hereby state as follows:

### NATURE OF THE CLAIMS

1. This action is for declaratory, injunctive, and other equitable relief, as well as monetary damages, brought by Edward Wheaton ("Plaintiff or "Mr. Wheaton") against Robert H. Irwin Motors, Inc., D/B/A/ Irwin Toyota, Rick Glidden, Edward Kelly, Chris Irwin, Ronald O'Connor Jr., and Wayne Thayer (collectively, "Defendants), to redress their unlawful employment practices against Plaintiff arising out of Title VII of the Civil

Rights act of 1964, as amended, 42 U.SC. § 2000e *et. seq.,* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), for his wrongful termination which occurred as the result of his reporting incidents of harmful and offensive touching, sexual harassment, and racial discrimination he suffered while employed at Irwin Toyota, and under the laws of the State of New Hampshire for claims of illegal retaliation under RSA 354-A:19 *et seq.,* wrongful termination, breach of contract, assault, battery, intentional infliction of emotional distress, negligence and defamation.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and §1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Section 1981 and Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367 because the state law claims arise from a common nucleus of operative fact.

4. This Court may exercise personal jurisdiction over all the Defendants as they reside or do business within the District of New Hampshire.

5. Proper venue lies in the District of New Hampshire because a substantial part of events giving rise to Plaintiff's claims occurred in Laconia, New Hampshire. 28 U.S.C. § 1391(b)(2).

## ADMINISTRATIVE PROCEDURES

6. Prior to filing of this Complaint, Plaintiff timely filed a Charge of Discrimination with the New Hampshire Commission for Human Rights ("NHCHR") and the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the

Civil Rights of 1964, 42 U.SC. § 2000e *et. seq.*. Plaintiff's EEOC charge arises out of many of the same facts alleged herein that pertain to his Section 1981 claim.

7. On March 2, 2020 Plaintiff's counsel received a letter from the NHCHR that Plaintiff had requested a Notice of Right to Sue ("Notice") from the EEOC. (Attached as **Exhibit A**);

8. On June 23, 2020 Plaintiff's counsel received a letter from EEOC giving Plaintiff a Notice of Right to Sue (Attached as **Exhibit B**)

9. Any and all prerequisites to the filing of this suit have been met.

## PARTIES

10. The Plaintiff, Edward Wheaton (hereinafter referred to as "Plaintiff"), is an adult New Hampshire resident with an address of 47 Mallards Landing, Belmont, NH 03220 and met the definition of an "employee" under all applicable statues.

11. Upon information and belief, Defendant Robert H. Irwin Motors, Inc., D/B/A Irwin Toyota (Hereinafter referred to as "Irwin Motors") is a corporation operating an automobile dealership located in Belknap County. At all times, Irwin Motors has met the definition of an "employer" under all applicable statutes.

12. Defendant Rick Glidden(hereinafter referred to as "Mr. Glidden") is an employee of Irwin Motors, and had the position of parts associate during the time the matter in this case transpired. At all relevant times, Mr. Glidden directly participated in the discriminatory and otherwise unlawful employment decisions and actions taken against Plaintiff, and was a "covered employee" and/or "aider" or abettor" under all relevant statues.

13. Defendant Chris Irwin (hereinafter referred to as "Mr. Irwin") is an owner of Irwin Motors and acted as a manager during the time the matter in this case transpired. At all

relevant times, Mr. Irwin directly participated in the discriminatory and otherwise unlawful employment decisions and actions taken against Plaintiff, and was a "covered employer" and/or "aider" or "abettor" under all relevant statues.

14. Defendant Edward Kelley (hereinafter referred to as "Mr. Kelley") is an employee of Irwin Motors, and had the position of service manager during the time the matter in this case transpired. At all relevant times, Mr. Kelley directly participated in the discriminatory and otherwise unlawful employment decisions and actions taken against Plaintiff, and was a "covered employee" and/or "aider" or "abettor" under all relevant statues.

15. Defendant Ron O'Connor Jr. (hereinafter referred to as "Mr. O'Connor") is an employee of Irwin Motors, and had the position of service director during the time the matter in this case transpired. At all relevant times, Mr. O'Connor directly participated in the discriminatory and otherwise unlawful employment decisions and actions taken against Plaintiff, and was a "covered employee" and/or "aider" or "abettor" under all relevant statues.

16. Defendant Wayne Thayer (hereinafter referred to as "Mr. Thayer") is an employee of Irwin Motors, and had the position of technician during the time the matter in this case transpired. At all relevant times, Mr. Thayer directly participated in the discriminatory and otherwise unlawful employment decisions and actions taken against Plaintiff, and was a "covered employee" and/or "aider" or "abettor" under all relevant statues.

## FACTUAL ALLEGATIONS

17. Plaintiff is an African American male and former employee of Irwin Motors.

18. The Plaintiff was hired as an assistant service manager with Irwin Toyota on March 5, 2018.

19. On March 5, 2018 Defendant Irwin Toyota gave the Plaintiff a "Pay Plan" which was signed by Plaintiff and Defendants Edward Kelly and Ron O'Connor Jr. (see attached Pay Plan labeled as "**Exhibit C**").

20. Under the "First Year Guarantee" clause the contract states that, "for the first full year of employment, we will guarantee the employee $60,000.00 in salary and commission combined." (see attached "**Exhibit C**").

21. Sometime in March 2018, shortly following his hiring, Defendant Rick Glidden approached the Plaintiff and handed him a jar of Vaseline and a pair of rubber gloves, he then asked if the Plaintiff was ready to be initiated and told him to "bend over."

22. Plaintiff shortly thereafter informed Defendant O'Connor of this incident and informed him of his offense to Mr. Glidden's comments. Mr. O'Connor's response to this was laughter, and no further action was taken regarding the Plaintiff's complaint.

23. On or about April of 2018 Defendant O'Connor was ordering pizza for staff for a quarterly meeting which was to be held; in front of all the staff present, Defendant O'Connor looked at the Plaintiff and said out loud, "I couldn't find any fried chicken pizza."

24. Plaintiff shortly thereafter informed Defendant O'Connor that he found the comment racially insensitive and insulting. No further action by management was taken regarding the Plaintiff's complaint

25. On or about June 2018 Defendant Thayer pretended to "whip" the Plaintiff and made remarks towards the Plaintiff referring to him as his, "chocolate bitch," and his "little chocolate drop" on occasions throughout June 2018.

26. Each time following these occurrences Plaintiff would report these actions and verbal abuse to Defendant O'Connor. At each instance Mr. O'Connor would reply with laughter and take no further action regarding the Plaintiff's complaints of these actions and verbal abuse.

27. From June 2018 till his termination on March 1, 2019 Defendant Thayer would touch and grab the Plaintiff in sexually suggestive ways; these ways included: touching the Plaintiff's buttocks, pinching his nipples, and attempting to put his hands in the Plaintiff's pockets to apparently touch his genitals.

28. After each occurrence Plaintiff would inform Defendant Thayer that this behavior was unwelcome and made him extremely uncomfortable; additionally, Plaintiff reported these actions to both Defendant O'Connor and Defendant Kelley.

29. Defendants Kelley and O'Connor failed to take any steps to remedy the situation and would respond to Plaintiff's complaints that," that's just Wayne," and take no further action.

30. On or about June 18, 2018 Defendant Thayer physically "head butted" the Plaintiff, which caused the Plaintiff physical and mental pain. This action was met with laughter by Defendant O'Connor and no action was taken.

31. On or about August 13, 2018 Plaintiff in the course of his job, began to have concerns about a technician's performance; Plaintiff approached Defendant Kelley to seek

assistance in speaking with the technician; Defendant Kelley's response to this request was, "what do I look like, your nigger?"

32. Plaintiff asked Defendant O'Connor, who had witnessed the exchange, if he would take action; Defendant O'Connor replied in the affirmative.

33. On or about August 16, 2018 Plaintiff sent a text message to Defendant O'Connor and the Defendant Irwin regarding the incident and Defendant's O'Connor and Irwin told Defendant they would schedule a meeting.

34. At the meeting with Defendant O'Connor and Defendant Irwin, Plaintiff was assured Defendant Kelley would receive a disciplinary warning and Defendant Thayer would be, "spoken to."

35. On or about August 17, 2018 Defendant Thayer showed up at the Plaintiff's residence uninvited and proceeded to bang on his door and yell verbal insults and threats; Plaintiff felt extremely threatened and told Defendant Thayer through the door of his residence that he needed to leave or he would call the police; Defendant Thayer left Plaintiff's residence.

36. On or about August 18, 2018 Plaintiff reported this encounter to Defendant O'Connor who responded, "well, what did you expect?"

37. On or about February 12, 2019 Plaintiff made inquiries to Defendant O'Connor about the "First Year Guarantee" clause in the contract he had signed upon his hiring; specifically, he inquired about the $60,000.00 guarantee in the clause.

38. On or about February 15, 2019 Plaintiff received a disciplinary notice accusing him of, "inability to work with others, chronic tardiness, and sporadic service logs."

39. Prior to this notice the Plaintiff had never received verbal or written warning concerning his performance and/or tardiness.

40. Throughout his employment the Plaintiff was consistently ranked the #1 or #2 advisor in monthly performance reports.

41. On or about February 16, 2019 Plaintiff met with Defendant Irwin, Defendant O'Connor, and Defendant Kelley to discuss his discipline notice; during the meeting Defendant Irwin told Defendant the he seemed to be," the common denominator," in all the issues concerning the Plaintiff.

42. On or about February 18, 2019 Plaintiff again asked Defendant O'Connor about the "First Year Guarantee" clause in the contract he had signed upon his hiring; Defendant O'Connor told Plaintiff he would, "take care of it."

43. On March 1, 2019, four days before his one-year anniversary date of employment with Irwin Motors, Plaintiff had his employment terminated and was not provided with a reason for his termination.

44. On March 19, 2019 the Plaintiff filed a complaint with the New Hampshire Commission for Human Rights. (See attached complaint labeled as "**Exhibit D**")

45. On April 11, 2019 Irwin Toyota filed their response along with sworn statements by Defendants Chris Irwin and Ron O'Connor. (See attached response labeled as "**Exhibit E**")

## COUNT I
### (Harassment in Violation of 42 USC § 1981)

46. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if full set forth herein.

47. Defendants harassment of Plaintiff as alleged above is in violation of 42 U.S.C. § 1981 and is a violation of the Plaintiff's rights afforded to him by the Civil Rights Act 1866, 423 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

48. By the conduct alleged above, the Defendants created a racially hostile and abusive work environment.

49. The conduct of the Defendants as alleged above was so severe and pervasive that a reasonable person would have found this work environment to be racially hostile and abusive.

50. Defendants racially harassing and discriminatory conduct as alleged above thereby entitles him to equitable monetary relief; and having suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of the Defendant's actions thereby entitles him to compensatory damages.

51. In their racially discriminatory actions as alleged above, the Defendants acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling him to an award of punitive damages.

## COUNT II
### (Retaliation in Violation of 42 USC § 1981)

52. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if full set forth herein.

53. Defendants have violated Section 1981 by subjecting the Plaintiff to retaliation for his protected complaints and opposition to the Defendants' discriminatory and harassing comments on the basis of his race and ethnicity, by, *inter alia*, terminating the Plaintiff's employment with Irwin Motors.

54. As a direct and proximate result of the Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which his is entitled to an award of monetary and compensatory damages and other relief.

55. As a direct and proximate result of the Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to and award of monetary damages and other relief.

56. Defendants unlawful retaliatory conduct constitutes a willful and wanton violation of Section 1981, and was so outrageous and malicious, and was intended to injure the Plaintiff, and was done with conscious disregard of the Plaintiff's civil rights, that it entitles him to an award of punitive damages.

### COUNT III
### (Harassment in Violation of Title VII)

57. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if full set forth herein.

58. Defendants engaged in unlawful employment practices by intentionally discriminating against the Plaintiff with respect to terms, conditions, and privileges of employment on the basis of his race.

59. The Defendants' actions interfered with the Plaintiff's work performance and created an intimidating, hostile and offensive work environment, in violation of Title VII.

60. The Defendants did not take any steps to correct the racial harassment.

61. As a direct and proximate cause of the Defendants' actions to racially discriminate against the Plaintiff, and creating an intimidating, hostile and offensive work environment, the Defendants caused the Plaintiff to suffer compensatory damages, including, but not limited to, loss of employment benefits, mental anguish, pain and suffering, humiliation, embarrassment, degradation, loss of reputation, attorney fees and other expenses as allowed by law.

62. The Defendants' conduct was willful, in that they knew and/or showed reckless disregard for the matter of whether its conduct, as described above, was prohibited by Title VII.

**COUNT IV**
**(Retaliation in Violation of Title VII)**

63. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if full set forth herein.

64. By the actions described above, the Defendants retaliated against the Plaintiff because they were engaged in a protected activity.

65. The Plaintiff complained about Defendants Thayer, Glidden, O'Connor, and Kelly's inappropriate, hostile, and unlawful racial harassment as described above.

66. Thereafter Defendants Irwin Motors, Mr. Irwin, and Mr. O'Connor engaged in unlawful employment practices by creating a retaliatory hostile work environment as described above.

67. The Defendants Irwin Motors, Mr. Irwin, and Mr. O'Connor engaged in unlawful employment practices by intentionally discriminating against the Plaintiff with respect to the terms, conditions, and privileges of employment, because the Plaintiff raised and reported concerns about discrimination in the workplace against him.

68. The Defendants' actions interfered with the Plaintiff's work performance and created an intimidating, hostile and offensive work environment.

69. The Defendants' conduct was willful, in that they knew and/or showed reckless disregard for the matter of whether its conduct, as described above, was prohibited by Title VII.

70. As a direct and proximate cause of the Defendants actions to racially discriminate against the Plaintiff, and creating an intimidating, hostile and offensive work environment, the Defendants caused the Plaintiff to suffer compensatory damages, including, but not limited to, loss of employment benefits, mental anguish, pain and suffering, humiliation, embarrassment, degradation, loss of reputation, attorney fees and other expenses as allowed by law.

## COUNT IV
### (Retaliation in Violation of RSA 354-A:19)

71. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if full set forth herein.

72. As described above, Plaintiff reported incidents of sexual, racial, and physical harassment by Defendants Thayer, Glidden, O'Connor, and Kelly.

73. In retaliation for Plaintiff's reporting of these incidents, Defendants Irwin Motors, Mr. Irwin, Mr. Kelley, and Mr. O'Connor gave him a disciplinary notice based on false facts and subsequently terminated his employment with Irwin Motors.

74. As a direct and proximate result of the Defendants' unlawful retaliation against the Plaintiff, the Plaintiff has suffered, and continues to suffer, a multitude of damages including, but not limited to, lost wages, lost benefits, emotional distress, reputational harm, lost earning capacity, loss of life enjoyment, and humiliation. The Plaintiff is further entitled to enhanced compensatory damages based upon the wanton, malicious, and/or oppressive manner in which the Defendants retaliated against the Plaintiff.

75. The Defendants' conduct was willful, in that they knew and/or showed reckless disregard for the matter of whether its conduct, as described above, was prohibited by RSA 354-A:19.

## COUNT V
### (Wrongful Termination in Violation of New Hampshire Law)

76. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if full set forth herein.

77. As described above, Plaintiff reported incidents of sexual, racial, and physical harassment by Defendants Thayer, Glidden, O'Connor, and Kelly.

78. In retaliation for Plaintiff's reporting of these incidents, Defendants Irwin Motors, Mr. Irwin, Mr. Kelley, and Mr. O'Connor gave him a disciplinary notice based on false facts and subsequently unlawfully terminated his employment with Irwin Motors because he was being sexually, racially, and physically harassed.

79. The Defendants' conduct was willful, in that they knew and/or showed reckless disregard for the matter of whether its conduct, as described above was in violation of New Hampshire law.

80. As a direct and proximate result of the Defendants unlawful retaliation and subsequent termination of the Plaintiff's employment, the Plaintiff has suffered, and continues to suffer, a multitude of damages including, but not limited to, lost wages, lost benefits, emotional distress, reputational harm, lost earning capacity, loss of life enjoyment, and humiliation. The Plaintiff is further entitled to enhanced compensatory damages based upon the wanton, malicious, and/or oppressive manner in which the Defendants retaliated against the Plaintiff and unlawfully terminated his employment.

## COUNT VI
### (Breach of Contract Violation of New Hampshire Law)

81. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if full set forth herein.

82. As described above, Plaintiff and Defendants Kelley and O'Connor, acting in their capacity as Manager and Director (respectively) of Irwin Motors signed a "Pay Plan" on March 2, 2018. (see attached Pay Plan labeled as "**Exhibit C**").

83. Under the "First Year Guarantee" clause the contract states that, "for the first full year of employment, we will guarantee the employee $60,000.00 in salary and commission combined." (see attached "**Exhibit C**").

84. On March 1, 2019, four days before his one-year anniversary date of employment with Irwin Motors, Plaintiff had his employment unlawfully terminated.

85. Defendants knowingly and willfully breached the contract with the Plaintiff.

86. Plaintiff is entitled to be placed into the position he would have been in had he not been unlawfully terminated. Further, Plaintiff in entitled to attorney's fees and any other legal remedies as allowed by New Hampshire law.

## COUNT VII
### (Assault as to Defendants Thayer and Irwin Motors via Respondeat Superior)

87. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if full set forth herein.

88. The Defendant Thayer had the intent to harmfully or offensively touch the Plaintiff as described in the instances above.

89. The Defendant Thayer, as described in the instances above, put the Plaintiff in reasonable apprehension of imminent harmful or offensive contact.

90. Defendant Thayer at the time of the incident was and employee of Irwin Motors.

## COUNT VIII
### (Battery as to Defendants Thayer and Irwin Motors via Respondeat Superior)

91. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if full set forth herein.

92. Defendant Thayer intentionally touched the Plaintiff in harmful and offensive manners as described above, including headbutting the Plaintiff.

93. Defendant Thayer at the time of the incident was an employee of Irwin Motors.

## COUNT VIII
### (Intentional Infliction of Emotional Distress as to Defendants Thayer and Irwin Motors via Respondeat Superior )

94. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if full set forth herein.

95. Defendants Thayer knew or should have known that severe emotional distress was the likely result of his conduct as described above, including the headbutting event.

96. Defendant Thayer's conduct is extreme and outrageous, and beyond all bounds of decency, and is conduct that is intolerable in civilized society.

97. The actions of Defendant Thayer was a direct result of the Plaintiff's emotional distress which continues.

98. The distress the Plaintiff suffered was so severe, and continues to be, that the Plaintiff has fears he will be assaulted again and the Plaintiff suffers severe anxiety as a result of the distress he suffers.

### COUNT VIII
### (Negligence)

99. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if full set forth herein.

100. Defendants owed the Plaintiff a duty of care as he was an employee of Irwin Motors.

101. Defendants breached their duty of care to the Plaintiff by allowing the above described actions to occur on the premises on Irwin Motors.

102. Plaintiff suffered physical and mental damages due to the negligent actions of the Defendants.

103. Plaintiff suffered, and continues to suffer injuries and damages, including but not limited to anxiety and depression; these are a direct and proximate result of the Defendants negligence.

### COUNT IX
### (Negligent Supervision as to Defendant Irwin Motors via Respondeat Superior)

104. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if full set forth herein.

105. Defendant had a duty of care to supervise its employees.

106. Defendant breached their duty when they failed to properly supervise their employees Thayer, Kelley, and O'Connor and allowing the above described activity to occur.

107. It was reasonably foreseeable that Thayer, Kelley and O'Connor, once their conduct had been reported by the Plaintiff, might make racially charged comments, and/or assault the Plaintiff.

108. Defendant Thayer physically assaulted the plaintiff on the premises of Irwin Motors while working or about June 18, 2018.

109. The Defendant breached of their duty to supervise their employees and this breach was the direct and proximate cause of the injuries sustained by the plaintiff when he was physically assaulted by Thayer.

### COUNT X
### (Defamation as to Defendant Irwin Motors via Respondeat Superior and Defendants Irwin, Kelley, O'Connor and Thayer)

110. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if full set forth herein.

111. Plaintiff has the right to be secure in the possession of his good name and reputation.

112. Defendants attacked Plaintiff's reputation and good name by falsely stating that Plaintiff had an "inability to work with others, chronic tardiness, and sporadic service logs," and that he was the "common denominator," involving all the events described above. Further, Defendant Thayer referred to the Plaintiff as his "chocolate bitch," and Defendant Kelley referred to the Plaintiff as if he was "his nigger."

113. These statements were made in front of other employees of Irwin Motors.

114. The Defendants statements about the Plaintiff are defamatory per se.

115. As a direct and proximate result of the Defendants publication of these defamatory statements against the Plaintiff, his reputation has been harmed and Plaintiff has sustained damages.

**WHEREFORE**, the Plaintiff Edward Wheaton respectfully requests that this honorable Court grant the following prayer for relief:

A. Award judgement in favor of the Plaintiff;

B. Enter an order declaring that the Defendants conduct was a violation the Plaintiff's rights under both Title VII and Section 1981;

C. Require the Defendants to retract all defamatory statements and/or apologize for such statements;

D. Award compensatory damages against the Defendants in an amount to be determined at trial to make the Plaintiff whole for the mental and physical anguish, the emotional distress, and other non-pecuniary damages he has suffered because of the Defendants unlawful conduct;

E. Award punitive damages against the Defendants to be determined at trial to punish the Defendants unlawful conduct which was malicious or undertaken with reckless indifference to th3e Plaintiff's rights and to deter others from similar conduct;

F. Award the costs of maintaining this action, including an award of reasonable attorney's fees; and

G. Award all other relief proper as allowed by law.

Dated this day of September 3, 2020

                                                          Respectfully submitted,

                                                 Roger A. Peace, Attorney No: 267729
                                                            Peace Law Office
                                                               338 Parker St.
                                                           Lowell, MA 01851
                                                              978-455-0811
                                        rpeace@peacelawoffice.com

                                                   *Counsel for Plaintiff*

## TRIAL BY JURY

Plaintiff Edward Wheaton demands a trial by jury on all issues so triable.

Dated this day of September 3, 2020

Respectfully submitted,

*[signature]*

Roger A. Peace, Attorney No: 267729
Peace Law Office
338 Parker St.
Lowell, MA 01851
978-455-0811
rpeace@peacelawoffice.com

*Counsel for Plaintiff*