UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Edward Wheaton,
    Plaintiff

   v.                                     Case No. 20-cv-925-SM
                                              Opinion No. 2022 DNH 019

Robert H. Irwin Motors, Inc.,
d/b/a Irwin Toyota; Rick Glidden;
Chris Irwin; Edward Kelly;
Ronald O'Connor; and Wayne Thayer,
    Defendants


**O R D E R**

In September of 2021, in response to plaintiff's repeated failures to provide requested discovery, defendants filed a motion seeking sanctions. Plaintiff did not object or otherwise respond. That prompted the court to enter the following order:

> Plaintiff has not responded to the motion for sanctions, and seems to signal a general failure to prosecute this litigation. Plaintiff shall file a written response to the motion **on or before November 8, 2021,** and, in addition, shall show cause why the case should not be dismissed for failure to prosecute.

Order dated October 12, 2021. Again, however, plaintiff remained silent. Accordingly, the court entered the following order, dismissing plaintiff's complaint.

> Plaintiff having failed to respond to the pending motion for sanctions as directed by the court's order dated October 12, 2021, and having failed to show cause why this case should not be dismissed for failure to prosecute, the motion is granted to the extent that the case is dismissed for failure to comply with the court's order and failure to prosecute. No award of attorney's fees is made in that rescheduling and pursuing discovery as described was not entirely outside the norm, and dismissal is an adequate sanction for plaintiff's failure to prosecute generally.

Order dated November 10, 2021. That same day, judgment was entered in accordance with that order and the case was closed.

More than two months later, counsel for plaintiff filed a Motion to Vacate Judgment, invoking the provisions of Rule 60(b)(1) of the Federal Rules of Civil Procedure. Defendants object, saying plaintiff has failed to establish entitlement to the relief sought. As explained below, the court will defer ruling on the motion to vacate and afford plaintiff the opportunity to file a supplemental memorandum of law addressing legal and factual questions left unresolved by counsel's initial filing.

**Discussion**

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment,

order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect."

The only document submitted in support of plaintiff's motion to vacate judgment is an affidavit from his counsel, in which counsel testifies that:

> On or about January 06, 2021, I saw an email in my spam folder from nef@nhd.uscourts.gov.  The email was regarding a Notice of Electronic Filing that a Motion for Sanctions against Plaintiff and an Order was entered by the Court.
>
> The Order stated that Plaintiff shall file a written response to the motion on or before November 08, 2021.
>
> On November 10, 2021, when the Court did not receive a response from the Plaintiff, a Judgment was made to dismiss the case.
>
> <u>Due to the email being sent inadvertently to my spam folder, it was overlooked</u>.
>
> I <u>never received</u> a notification of Defendants filing of their Motion for Sanctions against the Plaintiff that was filed on or about September 10, 2021.

Affidavit of Roger A. Peace (document no. 25-1) at paras. 3-7 (emphasis supplied).

Counsel's affidavit is both short on specifics and confusing.  There are four relevant documents at issue here.

1. Defendant's Motion for Sanctions (document no. 23), filed on September 10, 2021.

3

    2.    The court's order directing plaintiff's counsel to respond to the motion for sanctions <u>and</u> show cause why the case should not be dismissed for failure to prosecute, entered on October 12, 2021.

    3.    The court's order dismissing plaintiff's case for failure to comply with the order of October 12 and for failure to prosecute, entered on November 10, 2021; and

    4.    The judgment (document no. 24) in accordance with the court's dismissal order, entered on November 10, 2021.

Each appears to have been properly entered on the court's electronic docket, with copies emailed to the registered addresses of all counsel of record.  <u>See</u> Defendants' Memorandum (document no. 26), Exhibits A through D.

    Counsel asserts, without elaboration, that he "never received" notice that defendants had filed a motion for sanctions.  But beyond that, counsel's claims are vague.  In particular, it is entirely unclear which "email" from the court he claims was directed to his "spam" folder.  <u>See</u> Peace Affidavit at para. 6.  As the court interprets counsel's affidavit, he is representing that notice of the court's order dated October 12 and directing him to show cause why plaintiff's case should not be dismissed was routed to his "spam" folder (where, he says, he discovered it months later).  That

interpretation is supported by an email submitted by defendants, which they say was received from plaintiff's counsel on January 6, 2022. In it, plaintiff's counsel says, "Gentlemen, I just found an email in my spam folder from the court from October. I never saw this until now. Clearly I need to address this. Are you available for a call?" Email from Roger A. Peace (document no. 27-2) (emphasis supplied).

What counsel does not address is why he failed to promptly respond to either the court's order dismissing plaintiff's case (entered on November 10, 2021) or the judgment that was entered separately on the same day – notices of which were sent to his registered email address. He did not file the pending motion to vacate judgment until more than two months after those documents issued.

## Conclusion

At this point, counsel for plaintiff has failed to demonstrate that his client is entitled to the relief sought under Rule 60(b)(1). See generally Skrabec v. Town of N. Attleboro, 878 F.3d 5, 9 (1st Cir. 2017); Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 4 (1st Cir. 2014); Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38-39 (1st Cir. 2013).

Nevertheless, because dismissal is a severe sanction, the court will afford plaintiff's counsel another opportunity to demonstrate entitlement to relief under Rule 60(b)(1).  On or before **March 18, 2022**, plaintiff's counsel shall file a supplemental memorandum of law in which he responds - in detail, with supporting documentation, and with appropriate citations to legal authority - to the arguments advanced by defendants in their opposition memoranda (documents no. 26 and 27).  In particular, counsel shall address the following specific questions:

1. How the relief sought in the motion to vacate can be reconciled with counsel's professional obligation to independently monitor the court's docket.  See, e.g., Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168-69 (1st Cir. 2016) (noting that an attorney's failure to monitor the court's docket is not "excusable neglect" under Rule 60(b)(1)).

2. How counsel can overcome the presumption that a document properly submitted to the court's electronic-filing system was distributed to, and received by, all registered counsel in the case.  See, e.g., Am. Boat Co. v. Unknown Sunken Barge, 418 F.3d 910, 913 (8th Cir. 2005); Dempster v. Dempster, 404 F. Supp. 2d 445, 449 (E.D.N.Y. 2005).  See generally Fed. R. Civ. P. 5(b)(2)(E).

3. How counsel can reconcile the relief requested with precedent holding that the misdirection of court email into an attorney's "spam" folder is insufficient cause to support relief under Rule 60(b).  See, e.g., Trevino v. City of Fort Worth, 944 F.3d 567, 572 (5th Cir. 2019) ("Emails mistakenly going to a spam folder do not merit Rule 60(b) relief."); Hill v. World Class Auto.

>Corp., No. 06-CV-2496 SLT RLM, 2008 WL 4809445, at *4 (E.D.N.Y. Nov. 4, 2008) ("Unsurprisingly, courts have repeatedly rejected the argument that the lack of actual notice due to problems with spam overrides an attorney's obligation to monitor the docket.").

Defendants may respond to plaintiff's supplemental memorandum within 14 days of its filing.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 23, 2022

cc:  Roger A. Peace, Jr., Esq.
     Paul T. Fitzgerald, Esq.
     Arthur E. Maravelis, Esq.