United States District Court

for the

District of New Hampshire

| | |
|---|---|
| Edward Wheaton, Plaintiff )<br>)<br>     v.                                                       )<br>)<br>Robert H . Irwin Motors, Inc.,        )<br>d/b/a Irwin Toyota, et als               ) | Case No.  1:20-CV-00925-SM |

# DEFENDANT ROBERT H. IRWIN MOTORS, INC. AND DEFENDANT CHRISTOPHER IRWIN'S REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SANCTIONS

NOW COME Defendants Robert H. Irwin Motors, Inc. and Christopher Irwin, by and through their attorneys, Wescott Law, PA, and submit the within Reply to Plaintiff's Objection to Defendant's Motion for Sanctions[1], stating in support thereof as follows:

1. Defendants filed their Motion for Sanctions with this Court on September 10, 2021. ("Motion")

2. Plaintiff filed an Objection to Defendant's Motion for Sanctions on March 17, 2022. ("Objection")

3. As a preliminary matter, by Order of the Court dated November 10, 2021, this case was dismissed for failure to prosecute and failure to comply with court orders. Therefore, unless and until Plaintiff's default is lifted, this Objection should not be considered.

---

[1] Defendants note that Plaintiff filed two duplicative Objections to Defendants' Motion for Sanctions, listed on the Court's docket as Document 31 and Document 35.

1

4. As an additional preliminary matter, the Court should not consider Plaintiff's objection due to multiple failures by Plaintiff to adhere to Local Rule 7.1 of the United States District Court, District of New Hampshire.

5. Local Rule 7.1(b) of the United States District Court, District of New Hampshire requires every objection to motions, except objections to summary judgement motions, to be filed within fourteen (14) days from the date the motion is filed. This same Local Rule 7.1(b) deems as waived any objection not filed in accordance with the rule. Plaintiff's Objection came over six (6) months after Plaintiff's original Motion and should therefore be waived.

6. Local Rule 7.1(e)(2) also requires prior leave of court for objections to non dispositive motions. Plaintiff did not request leave of court prior to filing his late Objection, and therefore the Objection should not be considered on those grounds.

7. To the extent that a response is required, and the Court entertains this Objection, Defendants submit as follows:

8. Plaintiff makes multiple claims in his Objection that understate the severity of various discovery failures.

9. In response to Defendants' complaint that Plaintiff was over four months late on the March 24, 2021, deadline for mandatory disclosures, Plaintiff states he was just under four months late because Plaintiff provided medical providers in an interrogatory response on July 16, 2021. Regardless of the exact timeline, the fact remains Plaintiff, via interrogatories or mandatory disclosures, was significantly late in providing Defendants with important discovery.

10. In response to Defendants' complaint that Plaintiff have incurred attorney's fees and have prejudiced their ability to defend this action because of Plaintiff's delay, Plaintiff responds that they have "complied and provided Defendants counsel with his responses to all discovery requests." This statement is at best mischaracterized and at worst simply untrue. Plaintiff, as already stated here and in the original Motion, has missed numerous discovery deadlines in addition to being completely absent in prosecuting the case. Despite the November 23, 2021, discovery deadline and numerous attempts to schedule on behalf of the Defendants, Plaintiff has still not been deposed. As a result of this delay, Defendants have been forced to accrue unnecessary attorney's fees to file their original Motion and continue to litigate this case after the November 10, 2021 Court Order dismissing the matter.

11. Plaintiff notes that Defendants did not reply to a demand letter attempting to settle this matter on July 16, 2021. This demand letter is hardly relevant to the discovery deadlines repeatedly missed by Plaintiff which were the impetus to Defendants' Motion. Furthermore, Defendants are not required to engage in settlement, and even if they did those negotiations are confidential.

WHEREFORE, Defendants Robert H. Irwin Motors, Inc. and Christopher Irwin request that this Honorable Court:

A. Not consider Plaintiff's Objection;

B. Waive Plaintiff's Objection;

C. Impose sanctions against the Plaintiff prohibiting him from introducing into evidence what documents or evidence he was required to have timely disclosed in initial disclosures;

D. Inform the jury in this matter of the Plaintiff's failure;

E. Order the Plaintiff to reimburse them for their reasonable expenses, including attorney's fees, caused by the failure to timely complete automatic disclosures;

F. Grant a hearing on this Motion; and

G. Grant such other relief as justice may require.

                                Respectfully submitted,
                                Robert H. Irwin Motors, Inc.
                                And
                                Christopher Irwin

                                By their attorneys,
                                Wescott Law, PA

Dated: April 8, 2022            By: /s/Paul T. Fitzgerald_____
                                           Paul T. Fitzgerald, NH ID 807
                                           Wescott Law, PA
                                           28 Bowman Street
                                           Laconia, NH  03246
                                           (603) 524-2166
                                           PFitzgerald@WescottLawNH.com

## CERTIFICATION OF SERVICE

I hereby certify that on this 8th day of April 2022, true and complete copies of the foregoing document were provided to all parties of record via the Court's electronic filing service.

                                                 /s/Paul T. Fitzgerald
                                                 Paul T. Fitzgerald

cc:    Robert H. Irwin Motors, Inc.

       *(via e-mail only)*