UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Edward Wheaton,
        Plaintiff

        v.                                    Case No. 20-cv-925-SM
                                              Opinion No. 2022 DNH 064

Robert H. Irwin Motors, Inc.,
d/b/a Irwin Toyota; Rick Glidden;
Chris Irwin; Edward Kelly;
Ronald O'Connor; and Wayne Thayer,
        Defendants


**O R D E R**

By order dated November 10, 2021, and in response to a
motion for sanctions filed by defendants, the court dismissed
plaintiff's case for: (a) failing to respond to a prior court
order; and (b) neglecting to show cause why the case should not
be dismissed for failure to prosecute.  See generally Fed. R.
Civ. P. 41(b).  Two months later, plaintiff filed a motion to
vacate judgment, invoking the provisions of Rule 60(b)(1).  The
court then sought additional briefing from the parties.  Those
briefs have been filed and, having reviewed the arguments
advanced on both sides, the court grants plaintiff's motion to
vacate.  Plaintiff's counsel shall, however, pay defendants'
reasonable attorney's fees incurred in responding to plaintiff's
motion to vacate, in an amount not to exceed $5,000.00.

**Standard of Review**

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect."  In support of his motion to vacate, plaintiff relies on the final basis for relief under Rule 60(b)(1): excusable neglect.

The Supreme Court has instructed lower courts that determining whether a party's neglect is "excusable" is an equitable endeavor.  To facilitate that inquiry, the Court identified four factors – the so-called "Pioneer factors" – for courts to consider: the danger of prejudice to the non-movant if the requested relief is granted; the length of the delay caused by the movant's conduct/oversight and its potential impact on judicial proceedings; the reason given for the movant's oversight, including whether it was within the movant's reasonable control; and whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

But, as the court of appeals for this circuit has noted, "While each potential factor should be weighed, there is

ultimately a thumb on the scale because '[w]ithin the
constellation of relevant factors, the most important is the
reason for the particular oversight.'"  <u>Skrabec v. Town of N.</u>
<u>Attleboro</u>, 878 F.3d 5, 9 (1st Cir. 2017) (quoting <u>Nansamba v. N.</u>
<u>Shore Med. Ctr., Inc.</u>, 727 F.3d 33, 38-39 (1st Cir. 2013)).  In
light of the foregoing, it is plain that "relief under Rule
60(b) is extraordinary in nature and that motions invoking that
rule should be granted sparingly."  <u>Rivera-Velazquez v. Hartford</u>
<u>Steam Boiler Inspection & Ins. Co.</u>, 750 F.3d 1, 4 (1st Cir.
2014).

**Background**

In September of 2021, in response to plaintiff's repeated
failures to provide requested discovery, defendants filed a
motion seeking sanctions.  Plaintiff did not object or otherwise
respond.  Plaintiff's failure to engage prompted the court to
enter the following order:

> Plaintiff has not responded to the motion for
> sanctions, and seems to signal a general failure to
> prosecute this litigation.  Plaintiff shall file a
> written response to the motion **on or before November
> 8, 2021**, and, in addition, shall show cause why the
> case should not be dismissed for failure to prosecute.

Original Show Cause Order, dated October 12, 2021.  Again,
however, plaintiff remained silent.  Accordingly, the court
entered the following order, dismissing plaintiff's complaint.

> Plaintiff having failed to respond to the pending
> motion for sanctions as directed by the court's order
> dated October 12, 2021, and having failed to show
> cause why this case should not be dismissed for
> failure to prosecute, the motion is granted to the
> extent that the case is dismissed for failure to
> comply with the court's order and failure to
> prosecute.  No award of attorney's fees is made in
> that rescheduling and pursuing discovery as described
> was not entirely outside the norm, and dismissal is an
> adequate sanction for plaintiff's failure to prosecute
> generally.

Order dated November 10, 2021 (emphasis supplied).  See
generally Fed. R. Civ. P. 41(b).  That same day, judgment was
entered in accordance with that order and the case was closed.


     More than two months later (and four months after
defendants filed their motion for sanctions), plaintiff filed a
Motion to Vacate Judgment, invoking the provisions of Rule
60(b)(1) of the Federal Rules of Civil Procedure.  Defendants
objected, saying plaintiff's meager filing failed to establish
entitlement to the relief sought.  Indeed, defendants were
correct: plaintiff's motion was vague, insufficiently supported,
and deficient.  It gave no clear explanation for why counsel
neglected to oppose defendants' motion for sanctions.  And, as

to the failure to respond to the court's original show cause
order, counsel explained that he was unaware of its existence
because notice of the order had been mistakenly directed to his
email "spam" folder.

Rather than deny plaintiff's motion to vacate judgment, and
recognizing that dismissal is a harsh sanction, the court
afforded plaintiff an additional opportunity to brief the issues
raised in his motion.  In particular, the court directed
plaintiff to address, "in detail, with supporting documentation,
and with appropriate citations to legal authority" – the
following questions:

1.  How the relief sought in the motion to vacate can
    be reconciled with counsel's professional
    obligation to independently monitor the court's
    docket.  See, e.g., Santos-Santos v. Torres-
    Centeno, 842 F.3d 163, 168–69 (1st Cir. 2016)
    (noting that an attorney's failure to monitor the
    court's docket is not "excusable neglect" under
    Rule 60(b)(1)).

2.  How counsel can overcome the presumption that a
    document properly submitted to the court's
    electronic-filing system was distributed to, and
    received by, all registered counsel in the case.
    See, e.g., Am. Boat Co. v. Unknown Sunken Barge,
    418 F.3d 910, 913 (8th Cir. 2005); Dempster v.
    Dempster, 404 F. Supp. 2d 445, 449 (E.D.N.Y.
    2005).  See generally Fed. R. Civ. P. 5(b)(2)(E).

3.  How counsel can reconcile the relief requested
    with precedent holding that the misdirection of
    court email into an attorney's "spam" folder is
    insufficient cause to support relief under Rule

60(b).  See, e.g., Trevino v. City of Fort Worth,
944 F.3d 567, 572 (5th Cir. 2019) ("Emails
mistakenly going to a spam folder do not merit
Rule 60(b) relief."); Hill v. World Class Auto.
Corp., No. 06-CV-2496 SLT RLM, 2008 WL 4809445,
at *3 (E.D.N.Y. Nov. 4, 2008) ("Unsurprisingly,
courts have repeatedly rejected the argument that
the lack of actual notice due to problems with
spam overrides an attorney's obligation to
monitor the docket.").

Second Show Cause Order, dated February 23, 2022 (document no.
28).


## Discussion

In response to the court's Second Show Cause order,
plaintiff argues that he "has a valid claim to prevail on his
motion to vacate the dismissal [and] therefore plaintiff's
[case] should not be dismissed for failure to prosecute."
Plaintiff's Response (document no. 29) at 2.  The problem with
that argument (and, indeed, the problem with counsel's entire
approach to the court's order) is plain: plaintiff's case has
already been dismissed.  That plaintiff could have presented a
compelling and meritorious argument to the court's original show
cause order is largely immaterial at this point in the
proceedings.  At this stage, the question presented is whether
plaintiff can meet Rule 60(b)(1)'s requirement that he show
"excusable neglect" for having failed to object to defendant's
motion for sanctions and, more importantly, for having failed to

6

respond to the court's Second Show Cause order.  Whether he has done so is certainly open to reasonable debate.

Making matters more difficult is the fact that, in support of his position, plaintiff cites no authority from this court, other district courts in this circuit, the Court of Appeals for the First Circuit, or the Supreme Court.  Instead, he relies almost exclusively on non-binding authority from the Courts of Appeals for the Second and Fifth Circuits.  See generally Plaintiff's Motion to Vacate Dismissal (document no. 25) (citing no authority) and Plaintiff's Supplemental Memorandum in Support of his Motion to Vacate Dismissal (document no. 29) (applying factors identified by the Fifth Circuit to determine whether a dismissal under Rule 41(b) was appropriate).  In large measure, then, plaintiff's counsel has left it to the court to do the necessary legal research, identify the relevant precedent, and apply the governing law to the relevant facts.  In short, counsel's briefing is decidedly unhelpful – a fact that is particularly surprising given the seriousness of the issues at hand.

Of the four Pioneer factors the court must consider, three arguably weigh in plaintiff's favor (or are neutral): the danger of prejudice to defendants in granting plaintiff's requested

7

relief is small, the length of the delay caused by plaintiff's
inattentiveness has been modest, and while plaintiff's counsel
has been exceedingly sloppy, there is no suggestion that he has
acted in other than good faith.  The fourth and singularly most
important factor – the reason for the delay – weighs against
plaintiff.  Counsel has an undeniable professional obligation to
monitor the court's docket and keep himself informed of all
relevant developments in his case.  See, e.g., Santos-Santos v.
Torres-Centeno, 842 F.3d 163, 168-69 (1st Cir. 2016).  See also
Alvi v. United Airlines, Inc., No. 08 CV 701 (SJ) (JMA), 2009 WL
10706589, at *2 (E.D.N.Y. Sept. 29, 2009) (collecting cases).
Counsel neglected that professional obligation and, as a
consequence, failed to respond to a direct order from this
court.

   Counsel's proffered justification for failing to object to
defendants' motion for sanctions and then neglecting to respond
to the court's original show cause order – that a single email
notification from the court was misdirected to his "spam" folder
– may be an explanation for his failures, but it is certainly
not an excuse.  See, e.g., Trevino v. City of Fort Worth, 944
F.3d 567, 572 (5th Cir. 2019) ("Emails mistakenly going to a
spam folder do not merit Rule 60(b) relief.").  See also Hill v.
World Class Automotive Corp., No. 06-CV-2496 (SLT) (RLM), 2008

WL 4809445, *4 (E.D.N.Y. Nov. 4, 2008) (Townes, J.)
("Unsurprisingly, courts have repeatedly rejected the argument
that the lack of actual notice due to problems with spam
overrides an attorney's obligation to monitor the docket.").

Turning, then, to precedent from this circuit, one
discovers that different panels of the court of appeals have
expressed qualitatively different views on the appropriate
response to circumstances such as these.  Compare Santos-Santos
v. Torres-Centeno, 842 F.3d 163, 168-69 (1st Cir. 2016) (noting
that "excusable neglect" is a "demanding standard" and such an
"exceptional justification must be something more than an
attorney's failure to monitor the court's electronic docket")
with Keane v. HSBC Bank USA for Ellington Tr., Series 2007-2,
874 F.3d 763, 766-67 (1st Cir. 2017) (distinguishing Santos, by
focusing on the equitable nature of 60(b)(1) relief, and
concluding that because counsel's behavior was "neglectful" but
not "intentional, egregious, or repetitive" a sanction less than
dismissal was appropriate).

Here, the court will indulge plaintiff and take its cue
from Keane rather than from Santos-Santos.  Counsel's conduct
was, undeniably, neglectful.  He concedes as much.  See
Supplemental Memorandum in Support of Motion to Vacate (document

no. 29) at 14 ("Plaintiff failed to respond to the Court's
orders dated October 12, 2021, and November 10, 2021, was [sic]
due to negligence and not a stubborn resistance to authority.").
But counsel's conduct does not appear to have been "intentional,
egregious, or repetitive." Keane, 874 F.3d at 767.  The delay
caused by counsel's conduct was not substantial and he appears
to have acted in good faith throughout these proceedings.
Considering the totality of the circumstances, see Pioneer,
supra, and Keane, supra, dismissal of plaintiff's lawsuit based
upon his counsel's conduct to date would be a disproportionate
sanction.


### Conclusion

In light of the foregoing, plaintiff's Motion to Vacate
Dismissal (**document no. 25**) is granted.  The court's order dated
November 10, 2021, dismissing plaintiff's action is hereby
vacated.


As a sanction for his failings – including both his failure
to provide timely discovery and his failure to respond to the
court's original show cause order – plaintiff's counsel shall
personally pay defendants' reasonable attorney's fees incurred
in connection with responding to his motion to vacate, not to
exceed the sum of Five Thousand Dollars ($5,000.00).  Because

plaintiff's counsel has represented to the court that he has now provided defendants with the long-sought-after medical releases, Defendants' Motion for Sanctions (**document no. 23**) is, in all other respects, denied.

If the plaintiff has not yet been deposed, defendants may take that deposition at their convenience notwithstanding any scheduling order impediments or deadline expirations.

     **SO ORDERED.**

                                            Steven J. McAuliffe
                                            United States District Judge

May 11, 2022

cc:  Roger A. Peace, Jr., Esq.
     Paul T. Fitzgerald, Esq.
     Arthur E. Maravelis, Esq.